# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| FLOYD CHADWICK, | Case No. 1:07-cv-856 |
| Plaintiff, | Judge Michael R. Barrett |
| | Magistrate Judge Timothy S. Black |
| vs. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND SUPPORTED BY SUBSTANTIAL EVIDENCE, AND AFFIRMED; AND (2) THIS CASE BE CLOSED**

This is a Social Security disability benefits appeal. At issue is whether the administrative law judge ("ALJ") erred in finding Plaintiff "not disabled" and therefore unentitled to a period of disability and disability insurance benefits ("DIB"). (*See* Administrative Transcript ("Tr.") (Tr. 20) (ALJ's decision)).

## I.

On January 26, 2003, Plaintiff filed an application for DIB benefits. (Tr. 68-70). Plaintiff alleged that he had headaches, persistent pain in his back and neck, pain and swelling in his knees, and pain and numbness in his wrists, thumbs, and fingers. (Tr. 415, 442, 441, 438-39). The Social Security Administration denied Plaintiff's claim initially and upon reconsideration. (Tr. 34-37 & 40-42).

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

Plaintiff filed a timely request for a hearing before an ALJ (Tr. 20), and Hearings were held on October 19, 2005 and January 5, 2006, at which time Plaintiff appeared with counsel and testified. (*Id.*) Also present and testifying at the January 2006 hearing were medical expert, Arthur Lorber, M.D., and vocational expert, George E. Parsons, Ph.D. (*Id.*)

The ALJ issued an unfavorable decision on February 27, 2006. (Tr. 17-28). That decision became Defendant's final determination upon denial of review by the Appeals Council on September 5, 2007. (Tr. 4-8).

The ALJ's "Findings," which represent the rationale of his decision, were as follows:

1. The claimant alleges he has been unable to work since June 6, 2003.

2. The claimant meets the nondisability requirements for a period of disability and Disability Insurance Benefits set forth in section 216(i) of the Social Security Act and is insured for benefits at least through the date of this decision.

3. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.

4. The claimant has degenerative disc disease in the cervical lumbar spine, osteoarthritis in the knees (s/p arthroscopic surgeries in 1998, 2001, 2005), and bilateral carpal tunnel syndrome (s/p right release in 2004).

5. Whether considered individually or in combination, the claimant's impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulations No. 4.

6. The claimant's allegations regarding the disabling severity of his symptoms was uncorroborated by the medical evidence and not found to be wholly credible.

7. The claimant has the following residual functional capacity [based on testimony of the medical expert, Dr. Lorber, and the state agency's doctor (Exhibit 12F)]: He can lift/carry up to 10 lbs. frequently and 20 lbs. occasionally; he can stand/walk a total of two hours in a normal workday; he should not perform frequent power gripping with the hands but can otherwise reach, handle, and finger on a frequent basis; he can occasionally stoop, crouch, and climb ramps or stairs; he should not climb ladders, ropes, or scaffolds and should avoid exposure to hazardous heights and dangerous machinery.

8. The claimant is unable to perform his past relevant work as he performed it and as it is customarily performed.

9. The claimant is a "younger individual."

10. The claimant has a high school education.

11. Transferability of work skills is not a material issue in this case.

12. Although the claimant's exertional and nonexertional limitations do not allow him to perform the full range of light or sedentary work, using Medical-Vocational Rules 202.21-202.22 and 201.21-201.22 as a framework for decision-making, there are a significant number of jobs in the national economy he could perform including the positions of customer service representative, dispatcher, and counter sales cited by the vocational expert and enumerated in this decision.

13. The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision. 20 CFR 404.1520(g).

(Tr. 26-27).

In sum, the ALJ concluded that Plaintiff was not under a disability as defined by the Social Security Regulations and was therefore not entitled to a period of disability or DIB benefits. (Tr. 27).

On appeal, Plaintiff maintains that: (1) the ALJ erred in determining Plaintiff's residual functioning capacity ("RFC") and; (2) the ALJ erred by not finding the Plaintiff entirely credible. Each argument will be addressed in turn.

**II.**

The Court's inquiry on appeal is to determine whether the ALJ's non-disability finding is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). In performing this review, the Court considers the record as a whole. *Hephner v. Mathews,* 574 F.2d 359, 362 (6th Cir. 1978). If substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found plaintiff disabled. As the Sixth Circuit has explained:

> "The Commissioner's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion. The substantial evidence standard presupposes that there is a "zone of choice" within which the Commissioner may proceed without interference from the courts. If the Commissioner's decision is supported by substantial evidence, a reviewing court must affirm."

*Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994).

The claimant bears the ultimate burden to prove by sufficient evidence that he is entitled to disability benefits. 20 C.F.R. § 404.1512(a). That is, he must present sufficient evidence to show that, during the relevant time period, he suffered an impairment, or combination of impairments, expected to last at least twelve months, that left him unable to perform any job in the national economy. 42 U.S.C. § 423(d)(1)(A). `

## A.

For his first assignment of error, Plaintiff asserts that the ALJ erred in determining his RFC.

Plaintiff contends that the ALJ should have given controlling weight to the opinions of Dr. Brown and Dr. Schertzinger, his treating physicians. (Doc. 10 at 7); *see also* 20 C.F.R. § 1527(d). Both doctors opined that Plaintiff was limited to less than sedentary work. (Tr. 404-11, 280-82). The ALJ, however, considered the opinions of these doctors, and reasonably gave them little weight.

The ALJ indicated that Dr. Brown gave two conflicting opinions, one in September 2004, and the other in January 2006. (Tr. 24).

In September 2004, Dr. Brown indicated that due to Plaintiff's back pain, headaches, and shoulder pain, he could lift and carry 20 pounds occasionally and 10 pounds frequently, stand/walk for a half hour at a time for a total of four hours, and sit for a half hour at a time for a total of four hours. (Tr. 404-05). Plaintiff could never climb; occasionally balance; stoop, crouch, kneel, and crawl for five minutes each; he had limitations on handling, fingering, feeling, and pushing; and he was limited from working around heights, moving machinery, and vibration. (Tr. 407).

However, in January 2006, Dr. Brown changed his opinion, stating that Plaintiff could carry only five pounds occasionally, stand and walk for one third of an hour at a time for a total of two and a half hours in a workday, and sit for one third of an hour at a time for a total of two and a half hours in a workday. (Tr. 408-09). Plaintiff could never

balance, kneel, or crawl and only occasionally stoop and crouch, and had limitations on reaching and pushing, but no longer on handling, fingering, and feeling. (Tr. 409-10). Dr. Brown stated that Plaintiff was "unable to work," but also indicated that Plaintiff "would have to have a desk type job." (Tr. 411).

The ALJ found that Dr. Brown's limitations were not supported by his highly illegible treatment notes. (Tr. 24, referring to 200-01, 367-68). Further, Dr. Brown's two assessments were inconsistent with one another, without any explanation to account for Plaintiff's diminished capacity. (Tr. 24). In this context, "the ALJ did not err in declining to refer to [the treating physician's] opinion because [the treating physician] originally opined that claimant could perform sedentary work and did not provide any objective medical evidence to support his change of heart." *Stanley v. Sec'y of Health & Human Servs.*, 39 F.3d 115, 118 (6th Cir. 1994). Furthermore, here, the ALJ also found that Dr. Brown's statement that Plaintiff was unable to work was inconsistent with his statement that Plaintiff would need a "desk type job." (Tr. 24, 411).

An ALJ is not required to give controlling weight to the opinion of a treating source if the opinion is not well-supported by the clinical and laboratory diagnostic techniques or is inconsistent with the other substantial evidence in the record. *See* 20 C.F.R. § 404.1527(d)(2); SSR 96-2p. Accordingly, the ALJ reasonably gave little weight to Dr. Brown's opinions.

The ALJ also considered Dr. Schertzinger's opinions. (Tr. 24). In October 2004, Dr. Schertzinger opined that Plaintiff could lift/carry 10 pounds and sit about two hours and stand/walk about two hours total. (Tr. 282-83). However, the ALJ cited to September 2005 evidence that the lumbar MRIs and the clinical findings indicated no tenderness to palpation in the lumbar area, no spasm, no trigger points, and negative straight leg raising. (Tr. 322-23, 384, 448). Therefore, the ALJ, determined that there was no objective evidence supporting Plaintiff's contention that back pain reduced his ability to sit for more than two hours. (Tr. 24).

Additionally, Plaintiff asserts that the treating doctors' opinions were supported by the opinion of Ms. Lear, a physical therapist, who also opined that Plaintiff was capable of less than sedentary work. (Doc. 10 at 7-8, referring to Tr. 391-98). However, contrary to Plaintiff's contention that the ALJ disregarded Ms. Lear's opinion because she was not an acceptable medical source as defined in 20 C.F.R. § 404.1513, the ALJ did indeed consider Ms. Lear's opinion, but the ALJ properly gave it little weight because the records indicate that Ms. Lear was not the therapist who treated Plaintiff. (Tr. 25, 341, 344-49). In addition, the ALJ properly considered that Ms. Lear's assessment appeared to be strongly influenced by Plaintiff's subjective assertions. (Tr. 25, 393).

The ALJ's RFC finding is supported by the testimony of Dr. Lorber, a medical expert and board certified orthopedist. Dr. Lorber reviewed the record evidence and opined that Plaintiff was capable of sedentary level work, lifting and carrying 10 pounds, and standing and walking a maximum of two hours in an eight-hour day. (Tr. 58, 449).

Specifically, Dr. Lorber considered Plaintiff's cervical MRIs, and explained that although they had been interpreted in various ways, sometimes indicating impingement and sometimes not, the latest MRI did not indicate impingement of the spinal cord and the lumbar MRIs revealed only minor bulges at several levels. (Tr. 447-48). Dr. Lorber also considered Plaintiff's EMG test results as well as the clinical findings which did not show atrophy of the intrinsic muscles of Plaintiff's hands. (Tr. 450-51).

The ALJ's RFC finding was also supported by the opinion of the state agency physician, Dr. Cho. Dr. Cho reviewed the record and opined that Plaintiff could occasionally lift 20 pounds and frequently lift less than 10 pounds; stand and/or walk two to four hours in a workday; sit about six hours in a normal workday; never climb ladders, ropes, or scaffolds; occasionally climb ramps and stairs, stoop, and crouch; and frequently reach, handle, and finger. (Tr. 245-46).

Dr. Lorber and Dr. Cho considered Plaintiff's medical record, and therefore the ALJ could reasonably give weight to their opinions. *Smith v. Comm'r of Soc. Sec.*, No. 94-4259, 1995 WL 469724, at *1 (6th Cir. Aug. 8, 1995) ("A medical expert's opinion may be accepted over that of even a treating physician's if the opinion concerns interpretation of the same objective tests [of back pain]").

Contrary to Plaintiff's contention, it appears that the ALJ considered the record as a whole and, although he did not discuss every finding, he clearly considered abnormal findings. (Doc. 11 at 8-9). Notably, an ALJ is not required to address every piece of evidence in the record. *Walker v. Sec'y of Health & Human Servs.*, 884 F.2d 241, 245 (6th Cir. 1989).

The ALJ found that the record indicated that Plaintiff had severe degenerative disc disease in the cervical and lumbar spine, osteoarthritis in the knees, and bilateral CTS, and limited him to a reduced range of light work, where he would not have to stand or walk more than two hours in a workday or perform frequent power gripping. (Tr. 27). The ALJ also gave Plaintiff postural limitations and limited his reaching, handling, and fingering, and his exposure to heights and dangerous machinery. (Tr. 27).

As noted above, an ALJ must give the opinion of a treating source controlling weight if he or she finds that the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and "not inconsistent with the other substantial evidence in [the] case record." *Wilson v. Comm'r of Soc. Sec.,* 378 F.3d 541, 544 (6th Cir. 2004) (quoting 20 C.F.R. § 404.1527(d)(2)); *see also Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994) (A non-examining physician's opinion may be accepted over that of an examining physician when the non-examining physician clearly states the reasons that his opinions differ from those of the examining physicians). Deference is due, however, only when the physician supplies sufficient medical data to substantiate his diagnosis and opinion. *Id.* Thus, the ALJ was not required to give deference to the treating physicians unsupported opinions.

Upon careful review, the undersigned finds that substantial evidence exists to support the ALJ's RFC.

**B.**

For his second assignment of error, Plaintiff asserts that the ALJ erred by not finding Plaintiff entirely credible.

In evaluating complaints of pain, an ALJ may properly consider the claimant's credibility. *Walters v. Comm'r of Soc. Sec.,* 127 F.3d 525, 531 (6th Cir. 1997). The ALJ's assessment of credibility is entitled to great weight and deference, since he had the opportunity to observe the witness's demeanor. (*Id.*) The ALJ's determination must stand if it is supported by substantial evidence regardless of whether the reviewing court would resolve the conflicts in the evidence differently. *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir.1983); *see also Boyle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993)

> "The assessment of a claimant's assertions of disabling pain is made
> in light of factors set forth in 20 C.F.R. § 404.1529, summarized in
> a two-part test:
> First, we examine whether there is objective medical evidence of an
> underlying medical condition. If there is, we then examine:
> (1) whether objective medical evidence confirms the severity of the
> alleged pain arising from the condition; or (2) whether the objectively
> established condition is of such a severity that it can reasonably be
> expected to produce the alleged disabling pain."

*Infantado v. Astrue,* 263 Fed. Appx. 469, 475 (6th Cir. 2008) (quoting *Felisky,* 35 F.3d at 1038-39).

"Whenever a claimant's complaints regarding symptoms, or their intensity and persistence, are not supported by objective medical evidence, the ALJ must make a determination of the credibility of the claimant in connection with his or her complaints

'based on a consideration of the entire case record.'" *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 247 (6th Cir. 2007) (quoting Soc. Sec. Rul. 96-7p, 1996 SSR LEXIS 4, 1996 WL 374186, at *4 (July 2, 1996)).

When considering a claim for disability based on pain, the Court is guided by the Sixth Circuit's instruction that, initially, there must be objective evidence of an underlying medical condition. *Duncan v. Sec'y of Health & Human Servs.*, 801 F.2d 847, 853 (6th Cir. 1986). If such evidence exists, there must be objective medical evidence to confirm the severity of the alleged pain arising from that condition, or the objectively determined medical condition must be of a severity which can reasonably be expected to give rise to the alleged disabling pain. *Id.; see also Felisky*, 35 F.3d at 1038-39.

In evaluating plaintiff's subjective complaints, the ALJ properly considered whether there was underlying medical evidence to confirm the severity of the alleged pain arising from that impairment, or whether the underlying condition was one of such severity that it could reasonably be expected to produce the alleged disabling pain. *See Duncan*, 801 F.2d at 853.

Plaintiff contends that the ALJ failed to properly assess allegations of disabling pain. (Doc. 11 at 9). In finding that Plaintiff's complaints of disabling pain were not fully credible, the ALJ considered the medical record, Plaintiff's statements, and Plaintiff's activity. (Tr. 21-25). The ALJ determined that the objective diagnostic tests did not support the level of limitation that Plaintiff alleged. For example, the most recent lumbar MRI findings indicated that Plaintiff had only mild disc bulges in the lumbar

spine, but without any significant spinal stenosis or nerve root impingement. (Tr. 22, 322-23). Further, although the cervical MRIs had been interpreted in various ways (*See* Tr. 252, 270), Dr. Lorber, who reviewed the entire record, found that there was no evidence of neural compression on the most recent cervical MRI or on clinical exams, which demonstrated no focal neurological deficits. (Tr. 252, 297, 447). Additionally, Dr. Reddy, who examined Plaintiff in September 2005, reported few physical findings relating to Plaintiff's complaints of neck and back pain. (Tr. 383-84). Moreover, the ALJ considered that no cervical or lumbar surgery had ever been recommended or performed. (Tr. 23). *See* 20 C.F.R. § 404.1529(c)(3)(v) (ALJ may consider treatment other than medication that you have received in evaluating credibility).

With regard to Plaintiff's complaints of disabling CTS, the ALJ considered that, after undergoing a right carpal tunnel release procedure, Plaintiff indicated that he was "very pleased with the results. The numbness and tingling has resolved." (Tr. 259). However, at the hearing, Plaintiff testified that he had no improvement from the surgery. (Tr. 425). The ALJ found that these inconsistent statements undermined Plaintiff's credibility. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997) ("Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among the medical reports, claimant's testimony, and other evidence."). 20 C.F.R. § 404.1529(c)(4) (ALJ considers whether there are inconsistencies in the evidence and any conflicts between the claimant's statements and the other record evidence in determining the extent to which the claimant's symptoms diminish his capacity for basic

-12-

work activities).

Further, the ALJ considered that Dr. Lorber questioned whether Plaintiff would have lifted a 40 pound bag of topsoil in June 2005, if his allegations of difficulty with his hands were true. (Tr. 23, 333, 456). The ALJ may contrast a claimant's allegations of disability with his activities. *Siterlet v. Sec'y of Health & Human Servs.*, 823 F.2d 918, 921 (6th Cir. 1987). In addition, during his examination with Dr. Reddy in September 2005, Plaintiff denied having upper extremity weakness, and complained of only occasional numbness in his 3rd and 4th digits of both hands. (Tr. 383). Such evidence does not support Plaintiff's claims of disabling CTS.

With regard to Plaintiff's allegations of disabling knee pain, x-rays revealed only a minimal amount of arthritis. (Tr. 291). In addition to considering the objective evidence and Plaintiff's inconsistent statement and activity, the ALJ also considered Dr. Lorber's opinion that Plaintiff's complaints were out of proportion to the objective findings (Tr. 450), as well as the opinion of the state agency physician, who found Plaintiff capable of a range of medium work. (Tr. 245-47). Thus, the ALJ did not, contrary to Plaintiff's suggestion, discount Plaintiff's credibility solely on objective medical evidence. (Doc. 11 at 9).

Additionally, Plaintiff argues that the ALJ did not properly account for side effects of his medication and argues that even Dr. Lorber conceded that side effects would be prevalent. (Doc. 11 at 9). Dr. Lorber testified that Plaintiff's medications *could* make him feel drowsy and limit his concentration. (Tr. 456). However, Dr. Lorber also stated

that Plaintiff's pain was out of proportion to the objective medical findings. (Tr. 450). Moreover, the ALJ limited Plaintiff from working at unprotected heights and moving machinery, which accommodates Plaintiff's alleged side effects. (Tr. 27).

As noted above, the issue is not whether the record could support a finding of disability, but rather whether the ALJ's decision is supported by substantial evidence. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). The ALJ properly evaluated Plaintiff's allegations in accordance with controlling law, and he reasonably concluded that they were not fully credible. The ALJ's credibility finding is entitled to deference and thus should be affirmed. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 476 (6th Cir. 2003); *Bradley v. Sec'y of Health & Human Servs.*, 862 F.2d 1224 (6th Cir. 1988) ("The ALJ is charged with the responsibility of observing the demeanor and credibility of witnesses, therefore his conclusions should be highly regarded.").

## III.

For the foregoing reasons, Plaintiff's assignments of error are unavailing. The ALJ's decision is supported by substantial evidence and should be affirmed.

**IT IS THEREFORE RECOMMENDED THAT:**

The decision of the Commissioner, that Plaintiff was not entitled to a period of disability and disability income benefits, be found **SUPPORTED BY SUBSTANTIAL EVIDENCE**, and **AFFIRMED**; and, as no further matters remain pending for the Court's review, this case be **CLOSED.**


Date:  December 29, 2008             s/ Timothy S. Black
                                     Timothy S. Black
                                     United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| FLOYD CHADWICK, | : | Case No. 1:07-cv-856 |
| | : | |
| Plaintiff, | : | Judge Michael R. Barrett |
| | : | Magistrate Judge Timothy S. Black |
| vs. | : | |
| | : | |
| COMMISSIONER OF | : | |
| SOCIAL SECURITY, | : | |
| | : | |
| Defendant. | : | |

# NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **TEN (10) DAYS** after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to **THIRTEEN (13) DAYS** (excluding intervening Saturdays, Sundays, and legal holidays) when this Report is being served by mail and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within **TEN (10) DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters,* 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).