# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

FLOYD CHADWICK,                         Case No.: 1:07cv856

    Plaintiff,                         Judge Michael R. Barrett

    v.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

## ORDER

Before the Court is Magistrate Judge Black's December 29, 2008 Report and Recommendation (hereinafter "Report") (Doc. 14). In the Report, Magistrate Judge Black recommends that the decision of the Commissioner be found supported by substantial evidence and affirmed. The parties were given proper notice, pursuant to 28 U.S.C. § 636(b)(1)(C), including notice that the parties would waive further appeal if they failed to file objections to the Report in a timely manner. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).[1] Plaintiff filed timely Objections to the Magistrate's Report (Doc. 18).

    I.    Objections

When objections are received to a magistrate judge's Report and Recommendation on a dispositive matter, the assigned district judge "shall make a de novo determination...of any portion of the magistrate judge's disposition to which specific written objection has been made...." Fed. R. Civ. P. 72(b). After review, the district judge "may accept, reject or modify the recommended decision, receive further

---

[1] A notice was attached to the Magistrate's Report and Recommendation regarding objections.

evidence, or recommit the matter to the magistrate judge with instructions." *Id; see also* 28 U.S.C. 636(b)(1)(B). General objections are insufficient to preserve any issues for review; "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object. In the instant matter, Plaintiff objects to the Magistrate Judge's finding that the Administrative Law Judge's (ALJ) rejection of the treating doctors' opinions were supported by substantial evidence.

II. Background Facts and Procedural History

On January 26, 2003, Plaintiff filed an application for disability insurance benefits (DIB). (Tr. 68-70). Plaintiff alleged that he had headaches, persistent pain in his back and neck, pain and swelling in his knees, and pain and numbness in his wrists, thumbs, and fingers. (Tr. 415, 442, 441, 438-39). Plaintiff had several MRI's over a two-plus year period. The first, in 2003, showed disc degenerative changes and perhaps some narrowing at C5-6 (Tr. 189). In July, 2004, an MRI showed spondylosis, degenerative disc disease at C5-6 and C6-7, mild discogenic disease at L2-3 and L4-5 as well as a disc bulge at L5-S1 (Tr. 252, 263). In November, 2004, an MRI showed shall disc protrusions or spurs at C5-6 and C6-7, as well as early degeneration at L4-5 and L5-S1. The doctor noted that this MRI was unchanged from the July, 2004 MRI (Tr. 297-297). The most recent MRI in the record is dated July, 2005 which showed mild disc bulges within the lumbar region and a large hemangioma at L5 (Tr. 322-323). None of the doctors who treated Plaintiff for his back pain recommended surgery. In addition, Plaintiff suffered from moderate left-sided carpal tunnel syndrome and moderate-severe carpal tunnel on the right (Tr. 218). He had surgery to correct the right side (Tr. 261). Plaintiff also has a history of knee problems. He had arthroscopic surgery on his left

2

knee in 1998 (Tr. 184) and a meniscectomy on his right knee in 2001 (Tr. 176). Plaintiff complained of continued pain in his left knee in 2005 (Tr. 289). An MRI revealed a torn medial meniscus (Tr. 291).

The Social Security Administration denied Plaintiff's claim initially and upon reconsideration. (Tr. 34-37 & 40-42). Plaintiff filed a timely request for a hearing before an ALJ (Tr. 20), and hearings were held on October 19, 2005 and January 5, 2006, at which time Plaintiff appeared with counsel and testified. (*Id.*) Also present and testifying at the January 2006 hearing were medical expert, Arthur Lorber, M.D., and vocational expert, George E. Parsons, Ph.D. (*Id.*)

The ALJ issued an unfavorable decision on February 27, 2006. (Tr. 17-28). That decision became Defendant's final determination upon denial of review by the Appeals Council on September 5, 2007. (Tr. 4-8). The ALJ's "Findings," which represent the rationale of her decision, were as follows:

> 1. The claimant alleges he has been unable to work since June 6, 2003.
>
> 2. The claimant meets the nondisability requirements for a period of disability and Disability Insurance Benefits set forth in section 216(i) of the Social Security Act and is insured for benefits at least through the date of this decision.
>
> 3. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.
>
> 4. The claimant has degenerative disc disease in the cervical lumbar spine, osteoarthritis in the knees (s/p arthroscopic surgeries in 1998, 2001, 2005),and bilateral carpal tunnel syndrome (s/p right release in 2004).
>
> 5. Whether considered individually or in combination, the claimant's impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulations No. 4.

6. The claimant's allegations regarding the disabling severity of his symptoms was uncorroborated by the medical evidence and not found to be wholly credible.

7. The claimant has the following residual functional capacity [based on testimony of the medical expert, Dr. Lorber, and the state agency's doctor (Exhibit 12F)]. He can lift/carry up to 10 lbs. frequently and 20 lbs. occasionally; he can stand/walk a total of two hours in a normal workday; he should not perform frequent power gripping with the hands but can otherwise reach, handle, and finger on a frequent basis; he can occasionally stoop, crouch, and climb ramps or stairs; he should not climb ladders, ropes, or scaffolds and should avoid exposure to hazardous heights and dangerous machinery.

8. The claimant is unable to perform his past relevant work as he performed it and as it is customarily performed.

9. The claimant is a "younger individual."

10. The claimant has a high school education.

11. Transferability of work skills is not a material issue in this case.

12. Although the claimant's exertional and nonexertional limitations do not allow him to perform the full range of light or sedentary work, using Medical-Vocational Rules 202.21-202.22 and 201.21-201.22 as a framework for decision-making, there are a significant number of jobs in the national economy he could perform including the positions of customer service representative, dispatcher, and counter sales cited by the vocational expert and enumerated in this decision.

13. The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision. 20 CFR 404.1520(g).

(Tr. 26-27).

The ALJ concluded that Plaintiff was not under a disability as defined by the Social Security Regulations and was therefore not entitled to a period of disability or DIB benefits. (Tr. 27). On appeal, Plaintiff maintains that: (1) the ALJ erred in determining Plaintiff's residual functioning capacity ("RFC") and; (2) the ALJ erred by not finding the Plaintiff entirely credible. Judge Black's Report and Recommendation states that the

ALJ's determination that Mr. Chadwick is not disabled is support by substantial evidence and the ALJ did not err in not giving the treating physicians controlling weight as to the RFC determination. Plaintiff now objects to the Magistrate Judge's determination that substantial evidence supports the weight the ALJ gave to Plaintiff's treating physicians.

   III.   Analysis

      A.   Standard of Review

The Court's inquiry on appeal is to determine whether the ALJ's non-disability finding is supported by substantial evidence. 42 USC § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). In performing this review, the Court must consider the administrative record as a whole, *Kirk v. Secretary of Health & Human Servs.,* 667 F.2d 536 (6th Cir. 1981), but may consider only the evidence submitted to the final decision-maker, here the ALJ. *See Foster v. Halter,* 279 F.2d 348, 357 (6th Cir. 2001). The substantial evidence standard presupposes that "there is a zone of choice within which the [Commissioner] may proceed without interference from the court." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994). This zone of choice includes resolving conflicts in the evidence and deciding questions of credibility. *Gaffney v. Bowen*, 825 F.2d 98, 100 (6th Cir. 1987). Consequently, this Court should defer heavily to such findings by the Commissioner. See *Barker v. Shalala*, 40 F.3d 789, 795 (6th Cir. 1994). If substantial evidence supports the ALJ's finding of non-disability, that finding must be affirmed, even if substantial evidence also

exists in the record to support a finding of disability. *Felisky*, 35 F.3d at 1035 (citing *Mullen v. Bowen,* 800 F.2d 535, 545 (6th Cir. 1986)).

    B.  <u>Determination of Disability</u>

  The Social Security Act defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 20 CFR § 404.1505(a). The issue of disability is determined through a five-step sequential process set forth at 20 CFR § 404.1520. Step one requires determining whether the claimant is engaging in substantial gainful activity. If not, the inquiry moves to step two, which determines whether the claimant's impairments, individually or in combination are "severe." If a severe impairment is found, step three inquires as to whether the claimant's impairment meets or medically equals the requirements of any impairment in the Listing of Impairments at Appendix 1, Subpart P, Regulations No. 4, 20 CFR Part 404. If the claimant's impairment is not of listing-level severity, then step four requires inquiry into whether the claimant has the residual functional capacity (RFC) to perform past relevant work. *Id.* If the claimant shows that he cannot perform past relevant work because of impairments, the burden of proof shifts to the Social Security Administration in step five. The Administration must then identify other jobs existing in significant numbers in the national economy that the claimant can perform. If at any point it is determined that the claimant is or is not disable, the inquiry stops. *Id.* For example, if the ALJ determines at step four that the claimant can perform his past relevant work, the ALJ need not complete the sequential analysis. *See* 20 CFR § 404.1520(a). However, if the ALJ errs

in finding that the claimant can perform his past relevant work; the matter should be remanded for further consideration under step five. *See Wyatt v. Secretary of Health & Human Servs.*, 974 F.2d 680, 684 (6th Cir. 1992); *Lauer v. Bowen,* 818 F.2d 636, 641 (7th Cir. 1987). The claimant bears the ultimate burden of proof by sufficient evidence that he is entitled to disability benefits, 20 CFR § 404.1512(a).

  C. <u>Treatment of Treating Physicians' Medical Opinions</u>

The ALJ is not bound by a treating physician's conclusory statement that the claimant is "disabled." *See Miller v. Secretary of Health & Human Servs.*, 843 F.2d 221, 224 (6th Cir. 1988). However, the ALJ must give the opinion of a treating source controlling weight if the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and "not inconsistent with the other substantial evidence in [the] case record." *Wilson v. Commissioner of Soc. Sec.*, 378 F.3d 544 (6th Cir. 2004)(quoting 20 CFR § 404.1527(d)(2)). On a claim for social security disability benefits, "substantial deference and, if opinion is uncontradicted, complete deference must be given to medical opinions and diagnoses of treating physicians." *King v. Heckler*, 742 F.2d 968, 973 (6th Cir. 1984). Determining the proper weight to accord opinions of medical sources requires application of the following factors: examining relationship, treatment relationship, length of treatment, frequency of examination, nature and extent of the treatment relationship, supportability, consistency, specialization, and any other factors which support or contradict the opinion. 20 C.F.R. § 416.927(d). Where a treating physician's opinion is not entitled to controlling weight, all medical opinions are weighed using these factors. *Rogers v. Commissioner of Social Sec.*, 486 F.3d 234, 242 (6th Cir. 2007), *citing* 20 C.F.R. § 416.927(d)(2) ("When the

7

treating physician's opinion is not controlling, the ALJ, in determining how much weight is appropriate, must consider a host of factors, including the length, frequency, nature, and extent of the treatment relationship; the supportability and consistency of the physician's conclusions; the specialization of the physician; and any other relevant factors."). If the ALJ decides to discount the treating physician's medical opinion, the ALJ must provide "specific reasons for the weight given to a treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Wilson v. Commissioner Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004)(citing Soc. Sec. Rul. 96-2p).

Plaintiff was treated by Dr. Schertzinger, a pain management specialist, who prepared a RFC evaluation. The ALJ specifically set forth that she did not give controlling weight to Dr. Schertzinger's opinion of Plaintiff's RFC because "the record and findings do not support the doctor's conclusion that the claimant would reasonably be limited to only two hours of sitting in an eight-hour period." The ALJ stated that the "objective evidence and clinical findings failed to show any stenosis or nerve root impingement secondary to what has been described as 'mild' lumbar disc disease." (Tr. 24). Plaintiff, in his objections, argues that there was "objective test evidence of disability" and that the MRIs "revealed disc herniation at L5-S1 with S1 nerve root impingement and degenerative disc disease at multiple levels." However, there is also substantial evidence to support the ALJ's findings that the clinical evidence does not support Dr. Schertzinger's opinion that the Plaintiff could only sit for two hours per eight hour period. If you compared Dr. Schertzinger's findings to those of Plaintiff's other

8

treating doctor, Dr. Brown, they are inconsistent. Dr. Brown said Plaintiff could have a desk job, which would require sitting for a much longer period of time. Furthermore, Dr. Lorber[2] found that the "most recent MRI shows degenerative disc disease, but no neural compression... and the fact that no neurosurgeon had ever recommended surgery was a strong indication the cervical cord was not being compromised by these degenerative changes." (Tr. 23). Dr. Lorber's opinion is supported by the opinions of Plaintiff's other treating physicians. Dr. Arand, a neurosurgeon, found that Plaintiff's July, 2004 MRI did not show cord or root compression (Tr. 252, 262-263). Dr. Reedy, another pain management specialist, also found no significant nerve root impingement in September, 2005 and found that the "patient presents with a complex history with few physical findings" (Tr. 384). Thus, for these reasons and the reasons set forth in the Report, the Court finds substantial evidence exists to support the weight the ALJ gave to Dr. Schertzinger's opinions.

The ALJ also did not give controlling weight to Dr. Brown, Plaintiff's family physician, because his statements were "unsupported by his minimal and virtually illegible treatment notes" and were inconsistent. "In September 2004, he states the [Plaintiff] can lift/carry 10-20 lbs. and can complete an eight-hour workday by standing/walking a total of four hours and sitting a total of four hours. In January 2006, all of those capacities have been significantly reduced . . . [with] no explanation to account for such diminished capacity in the second assessment from the first one" (Tr. 24). Neither the ALJ nor the Court can be left to guess why Dr. Brown reduced

---

[2]Although Dr. Lorber did not treat Plaintiff, the Commissioner views non-examining sources "as highly qualified physicians and psychologists who are experts in the evaluation of the medical issues in disability claims under the [Social Security] Act." Social Security Ruling 96-6p.

9

Plaintiff's capacity to work. Plaintiff would like the Court to assume it is because Plaintiff's condition worsened. However, the Court cannot make that assumption. In addition, Dr. Brown states that the Plaintiff is unable to work but also states, in a previous question, that he should have a "desk-type job." (Tr. 24, 411). Since an ALJ is not required to give controlling weight to the opinion of a treating doctor if that opinion is not well-supported or is inconsistent, for the above reasons and the reasons set forth in the Report, the Court finds substantial evidence exists to support the weight the ALJ gave to Dr. Brown's opinions.

Plaintiff also objects to the finding that Ms. Lear's opinion should not be given more weight than what the ALJ gave it. Ms. Lear is a physical therapist but she was not Plaintiff's treating therapist. (Tr. 25). She opines that Plaintiff can only sit for one hour per eight hour period. The ALJ found that Ms. Lear "is more strongly influenced by [Plaintiff's] subjective assertions" and gave it no weight. (Tr. 25). The Sixth Circuit has held that it is proper to reject a medical opinion which is based in part upon the subjective complaints of the claimant. *Young v. Secretary of Health & Human Services*, 925 F.2d 146, 151 (6th Cir. 1990) (report from Pain Center properly rejected where findings based on claimant's subjective complaints); *Thomas v. Commissioner of Social Security*, 2004 WL 1559535 (6th Cir. July 9, 2004) (unpublished) (examining physician's opinion properly rejected where opinion was based in part on claimant' subjective complaints, many of which were not supported by objective medical findings); *Musaad v. Commissioner of Social Security*, 1995 WL 514668 (6th Cir. Aug. 29, 1995) (unpublished) (ALJ properly rejected treating physicians' opinions which were based on claimant's subjective complaints and not supported by objective clinical findings).

Based upon the fact that Ms. Lear did not treat Plaintiff and that her opinion is based upon one meeting with Plaintiff and no objective medical evidence, the Court finds that substantial evidence exists to support the weight the ALJ gave to Ms. Lear's opinions.

Finally, Plaintiff argues that the ALJ and the Court must recognize that the separate opinions of Dr. Scherzinger, Dr. Brown and Ms. Lear corroborate each other and therefore the RFC of each is supported by the opinions of the other two. However, the opinions are only consistent in that they opine Plaintiff is disabled. The specific findings are not consistent. Dr. Scherzinger asserts that Plaintiff can sit for no more than 2 hours and can stand/walk for no more than 2 hours. Dr. Brown first says that Plaintiff can stand/walk for four hours and sit for four hours. He then, without explanation, says that Plaintiff can only stand/walk for 2.5 hours and sit for 2.5 hours. Then Ms. Lear says that Plaintiff can not sit for no more than 1 hour and can stand for less than 2 hours. The ALJ found that Plaintiff could stand/walk for 2 hours, which is fairly consistent with the above findings, but also found that Plaintiff could perform a sedentary job, which means that he could sit for up to 6 hours (see Tr. 245). In holding that Plaintiff could sit for up to 6 hours in an eight hour day, the ALJ found that there was sufficient medical evidence to support this finding. As set forth above in more detail, the "objective evidence and clinical findings failed to show any stenosis or nerve root impingement secondary to what has been described as 'mild' lumbar disc disease" (Tr. 24).

IV. Conclusion

Thus, the Court finds that the decision of the Commissioner is supported by substantial evidence. The Report and Recommendation is hereby ADOPTED (Doc.

14). The Clerk of Courts is directed to close this matter and terminate it from the docket of this Court.

**IT IS SO ORDERED.**

<u>*s/Michael R. Barrett*</u>
Michael R. Barrett, Judge
United States District Court